JOHN P. DESMOND
State Bar No. 5618
LOUIS M. BUBALA III
State Bar. No. 8974
JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, NV 89504
Tel: (775) 786-5000
Fax: (775) 786-1177

MICHAEL WACHTELL
State Bar No. 4778
BUCHALTER NEMER, P.C.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017
Tel: (213) 891-5460
Fax: (213) 630-5760

Attorneys for Defendant, Counter-Claimant
and Third-Party Plaintiff iPayment, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| GREG EVANS, a Nevada resident, | Case No. CV-N-05-0548-ECR-RAM |
|---|---|
| Plaintiff, | **FIRST AMENDED ANSWER TO COMPLAINT AND COUNTER-CLAIMS** |
| v. | |
| IPAYMENT, INC., a Delaware corporation, | |
| Defendant. | / |

IPAYMENT, INC., a Delaware corporation,

Counter-Claimant,

v.

GREG EVANS and BRIAN DOANE,
Nevada residents,

Counter-Defendants.                    /

## I. FIRST AMENDED ANSWER

COMES NOW, Defendant IPAYMENT, INC., (also referred to herein as "iPayment") by and through its attorneys, JONES VARGAS, and BUCHALTER NEMER, P.C., and answering the Complaint on file herein, admits, denies and alleges as follows:

1.    Defendant denies the averments contained within Paragraphs 1, 7, 8, 9, 12, 13, 14, 15, 16, 17, and 18 of the Complaint.

2.    Responding to Paragraph 2 of the Complaint, Defendant admits that iPayment is a citizen of a state other than Nevada.  The Defendant denies that iPayment is the proper Defendant in this action or that the amount in controversy exceeds $75,000.00.   The Defendant denies the remaining allegations.

3.    Responding to Paragraph 3 of the Complaint, Defendant denies all allegations contained therein.

4.    Defendant admits the allegations contained in Paragraphs 4 and 5 of the Complaint.

5.    Responding to Paragraph 6 of the Complaint, Defendant admits that the Plaintiff entered into an employment agreement (with PCSI) with a base salary and a bonus plan based upon company growth.  Defendant denies all the remaining allegations within Paragraph 6.

6.    Responding to Paragraph 10 of the Complaint, Defendant admits executives of PCSI, a Nevada corporation, told Plaintiff that his compensation plan was going to change to straight salary by combining his pre-existing base salary with the bonuses earned to date.  Defendant denies all the remaining allegations within Paragraph 10.

7.    Responding to Paragraph 11 of the Complaint, Defendant admits Plaintiff was promoted to executive vice-president of PCSI, a fact that was announced to the entire company. Defendant denies all the remaining allegations within Paragraph 11.

### FIRST CLAIM FOR RELIEF

#### (Specific Performance)

8.    In answering Paragraph 19, Defendant adopts by reference and incorporates herein each, every and all of his admissions, denials and averments made heretofore. Defendant denies the averments contained within Paragraph 20 of the Complaint

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

9.    In answering Paragraph 21, Defendant adopts by reference and incorporates herein each, every and all of his admission, denials and averments made heretofore.

10.    Defendant denies the averments contained within Paragraph 22 of the Complaint.

## THIRD CLAIM FOR RELIEF

(Implied Covenant of Good Faith and Fair Dealing)

11.    In answering Paragraph 23, Defendant adopts by reference and incorporates herein each, every and all of his admissions, denials and averments made heretofore.

12.    Defendant denies the averments contained within Paragraph 28 of the Complaint.

## FOURTH CLAIM FOR RELIEF

(Constructive Discharge)

13.    In answering Paragraph 27, Defendant adopts by reference and incorporates herein each, every and all of his admissions, denials and averments made heretofore.

14.    Defendant denies the averments contained within Paragraph 30 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Breach of Contract)

15.    In answering Paragraph 31, Defendant adopts by reference and incorporates herein each, every and all of his admissions, denials and averments made heretofore.

16.    Defendant denies the averments contained within Paragraph 30 of the Complaint.

## SIXTH CLAIM FOR RELIEF

(Promissory Estoppel)

17.    In answering Paragraph 33, Defendant adopts by reference and incorporates herein each, every and all of his admissions, denials and averments made heretofore.

18.    Defendant denies the averments contained within Paragraphs 34, 35, 36, 37 and 38 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Contract) (Equity Interest)

19.    In answering Paragraph 39, Defendant adopts by reference and incorporates herein each, every and all of his admissions, denials and averments made heretofore.

20.    Defendant denies the averments contained within Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

iPayment did not assume any liabilities or obligations of Petroleum Card Services, Inc., a Nevada Corporation to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in favor of Plaintiff or against this Defendant.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Defendant alleges and avers that the Plaintiff has released the Defendant from any responsibility herein.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereupon avers that there has been a failure of consideration with regard to the matters averred in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Without admitting that the Defendant is in any way liable to the Plaintiff, the Defendant is informed and believes and thereupon avers that Plaintiff failed to mitigate Plaintiff's losses and damages, if any there were.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant is informed and believes and upon such information and belief avers that the named Defendant is not the real party in interest, within the meaning, terms and intendment of NRCP 17(a), with respect to the claims asserted in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereupon avers that any and all representations allegedly made by this Defendant, if any, are merged into written bonus agreement and any and all other or additional agreements are barred by reason of the statute of frauds and/or the parol evidence rule. Accordingly, the claims of the Plaintiff asserted in the Complaint are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that the Plaintiff, by his actions, conduct and statements, waived any right to recovery with regard to the matters asserted in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Without admitting the Plaintiff is entitled to punitive damages, punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions. Further, NRS 42.010 does not provide adequate standards and/or safeguards for its application and is therefore void for vagueness under the due process clause of the Fourteenth Amendment to the United States Constitution and in accordance with Article 1, §8 of the Nevada Constitution.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereupon avers that Plaintiff has failed to act in a fair, reasonable and equitable fashion and by reason of the premises is precluded from receiving the extraordinary equitable relief sought in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff has accepted a substitute performance in full satisfaction of all claims alleged herein and as such that has been an accord and satisfaction. Therefore, the Plaintiff's claims are barred.

**TWELFTH AFFIRMATIVE DEFENSE**

Without admitting the existence of any current employment agreement, Defendant is informed and believes and thereupon avers that the Plaintiff has failed to substantially perform all conditions and covenants in that agreement and by reason of the premises is barred from any recovery from this Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff was never an employee of iPayment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Without admitting the existence of any contract for continued employment, the Defendant alleges that circumstances surrounding the formation of any such contract have materially changed such that the purpose for the contract has been frustrated and, therefore, the Defendant's obligations, if any, have been discharged.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereupon avers that the Plaintiff's rights and remedies, if any, are limited to contractual remedies provided in any alleged Agreement and by reason of the premises any additional remedy is barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that because the Complaint herein is couched in conclusory terms, this answering Defendant cannot fully anticipate all affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of the Complaint on file herein, that the same be dismissed and that judgment be entered in favor of Defendant and against Plaintiff for a reasonable attorney's fee, for costs of suit and for such other and further relief as may be just and proper in the premises.

**II.  COUNTER-CLAIMS**

**GENERAL ALLEGATIONS**

1.    Counter-claimant iPayment is a Delaware corporation with its principal place of business in Tennessee and doing business in Nevada.

2.    Counter-Defendant Greg Evans (hereinafter, "Mr. Evans") is a resident of Nevada.

3.    Counter-Defendant Brian Doane (hereinafter, "Mr. Doane") is a resident of Nevada.

4.    This Court has jurisdiction over iPayment's counter-claims pursuant to Federal Rule of Civil Procedure 13 and 28 U.S.C. § 1332.

5.      iPayment's wholly owned subsidiary, PCS Acquisition Sub, LLC, a Delaware limited liability company (hereinafter, "PCS Acquisition" and sometimes collectively "iPayment"), develops, markets, distributes, sells, and/or leases credit card transaction processing equipment, services and systems, and/or provides electronic payment processing services, systems, and related products. Its target market was independent petroleum marketers, commonly known as independent gas stations.

6.      iPayment entered the field when it acquired through PCS Acquisition the assets of Petroleum Card Services, Inc. (hereinafter "PCSI"), a Nevada corporation, on our about January 12, 2005, pursuant to the terms of a written Asset Purchase Agreement, between PCS Acquisition; and Andrew Hackler and Cindy Fencl, the controlling shareholders in PSCI.

7.      The assets acquired by PCS Acquisition included PCSI's proprietary customer information, including details concerning customer contracts, pricing, marketing, cost and contact information (hereinafter, collectively referred to "iPayment's Proprietary Customer Information").

8.      iPayment's Propriety Customer Information are trade secrets protected by Nevada state law.

9.      iPayment's counter-claims against Mr. Evans arise out his employment with PCSI, where he worked as a sales representative from January 2004 to October 2004, and as an Executive Vice President of PCSI from October 2004 to January 2005. In those positions he had access to the PCSI information which after January 12, 2005, is defined as constituting iPayment's Proprietary Customer Information.

10.     iPayment's counter-claims against Mr. Doane arise out his employment in various positions with PCSI from 2004 to January 2005, and with PCS Acquisition from January 2005 to October 2005. In positions with both PCSI and PCS Acquisition, Mr. Doane was a senior official with responsibility for information technology systems of the businesses and had access and responsibility for the administration and protection of the respective companies proprietary information and trade secrets including but not limited to iPayment's Proprietary Customer Information.

11.    In May 2004, Mr. Doane signed an acknowledge of receipt and understanding of PCSI's employee handbook, which contained confidentiality and non-compete clauses.

12.    On or about the date of the acquisition of PCSI's assets by PCS Acquisition on January 12, 2005, iPayment offered jobs with PCS Acquisition to Mr. Evans, Mr. Doane, and other PCSI employees, contingent upon their signature of a confidentiality and non-compete agreement which was required of all iPayment personnel, including those who had access to iPayment Proprietary Customer Information.

13.    Mr. Doane signed the confidentiality and non-compete agreement required by iPayment as a condition of his employment with PCS Acquisition.

14.    Mr. Evans refused to sign the confidentiality and non-compete agreement, and, as a result, did not fulfill an established prerequisite to becoming a PCS Acquisition employee.

15.    Failing to fulfill his conditions of employment with iPayment, Mr. Evans terminated his relationship with iPayment and PCS Acquisition and became an independent merchant service provider, offering the sale credit-card processing services to independent gasoline stations in competition with PCS Acquisition.

16.    Upon information and belief, iPayment alleges that Mr. Evans and Mr. Doane retained, used, and continues to use iPayment's Propriety Customer Information in violation of iPayment's rights in such information and in direct violation of the provisions of Mr. Doane's confidentiality and non-compete agreement.

17.    Upon information and belief, iPayment alleges that Mr. Doane assisted Mr. Evans in accessing, copying, and/or using iPayment's Propriety Customer Information.

18.    By using iPayment's Propriety Customer Information, Mr. Evans has solicited and acquired credit-card processing business from independent gasoline stations that were customers of PCSI and PCS Acquisition and by doing so breached his fiduciary duties as a former executive officer of PCSI and in knowing violation of the rights that iPayment had in iPayment's Proprietary Customer Information.

19.    As a result of Mr. Evans' unauthorized and unlawful use of iPayment's Propriety Customer Information, iPayment, through its subsidiary, PCS Acquisition, has lost business and revenue.

## FIRST CLAIM FOR RELIEF

(Trade Secret Misappropriation)

20.    iPayment incorporates the allegations contained in Paragraphs 1-19 of its Counter Claim as if set forth here in their entirety.

21.    iPayment's Proprietary Customer Information constitute trade secrets.

22.    Mr. Evans and Mr. Doane misappropriated iPayment's trade secrets.

23.    iPayment is entitled to recover both the loss caused by Mr. Evans' and Mr. Doane's misappropriation as well as the unjust enrichment caused by Mr. Evans' and Mr. Doane's misappropriation not taken into account in computing iPayment's loss.

24.    Due to Mr. Evans' and Mr. Doane's willful, wanton or reckless misappropriation, and/or their disregard of iPayment's rights to its trade secrets, iPayment is entitled to exemplary damages in an amount twice the award for the loss and unjust enrichment caused by their misappropriation and other unlawful activities.

25.    Due to Mr. Evans' and Mr. Doane's willful and malicious misappropriation of iPayment's trade secrets, iPayment is entitled to recovery of reasonable attorney's fees.

26.    iPayment also is entitled to an injunction to eliminate commercial or other advantage that Mr. Evans and Mr. Doane otherwise would derive from their misappropriation and other unlawful activities.

## SECOND CLAIM FOR RELIEF

(Unfair Trade Practices/Trade Secret Infringement)

27.    iPayment incorporates the allegations contained in Paragraphs 1-26 of its Counter Claim as if set forth here in their entirety.

28.    iPayment's Propriety Customer Information is stored on a computer.

29.    Mr. Evans and Mr. Doane obtained access to iPayment's Propriety Customer Information stored on iPayment's and PCS Acquisition's computers to convert the data to their own use.

30.    Mr. Evans and Mr. Doane engaged in unfair trade practices and infringed iPayment's trade secrets by accessing and using iPayment's Propriety Customer Information to compete with iPayment.

31.    As a result of Mr. Evans' and Mr. Doane's actions, iPayment is entitled to all profits derived from their wrongful acts and all damages that iPayment suffered through its wholly owned subsidiary PCS Acquisition.

32.    iPayment also is entitled to an injunction to restrain Mr. Evans' and Mr. Doane's unfair trade practices and/or infringements.

## THIRD CLAIM FOR RELIEF

(Unjust Enrichment)

33.    iPayment incorporates the allegations contained in Paragraphs 1-32 of its Counter Claim as if set forth here in their entirety.

34.    Mr. Evans and Mr. Doane have been unjustly enriched by using iPayment's Proprietary Customer Information to compete with iPayment.

35.    The benefits that Mr. Evans and Mr. Doane has received belong to iPayment.

## FOURTH CLAIM FOR RELIEF

(Intentional Interference with Contractual Relations)

36.    iPayment incorporates the allegations contained in Paragraphs 1-35 of its Counter Claim as if set forth here in their entirety.

37.    Valid contracts existed between iPayment through its PCS Acquisition subsidiary and third parties.

38.    Mr. Evans and Mr. Doane knew of the contracts and that the details of such contracts constituted some of iPayment's Proprietary Customer Information and trade secrets.

39. By using iPayment's Proprietary Customer Information, Mr. Evans and Mr. Doane committed intentional acts intended or designed to disrupt or usurp iPayment's contractual relationships with third parties.

40. iPayment's contractual relations with third parties were actually disrupted.

41. iPyament sustained damages as a result of Mr. Evans' and Mr. Doane's intentional interference with contractual relations.

42. iPayment is entitled to damages in the form of his economic losses caused by Mr. Evans' and Mr. Doane's intentional interference with its contractual relations.

## FIFTH CLAIM FOR RELIEF

(Breach of Contract)

43. iPayment incorporates the allegations contained in Paragraphs 1-42 of its Counter Claim as if set forth here in their entirety.

44. Mr. Doane entered into valid confidentiality and non-compete contracts with both PCSI and iPayment's wholly owned subsidiary, PCS Acquisition.

45. Mr. Doane breached those contracts by willfully disclosing to Mr. Evans and then using iPayment's Proprietary Customer Information for the benefit of himself and Mr. Evans.

46. iPayment is entitled to damages for the losses incurred as a result of Mr. Doane's breach of contract.

## SIXTH CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing)

47. iPayment incorporates the allegations contained in Paragraphs 1-46 of its Counter Claim as if set forth here in their entirety.

48. Mr. Doane entered into valid confidentiality and non-compete contracts with both PCSI and iPayment's wholly owned subsidiary, PCS Acquisition.

49. Mr. Doane breached those the implied covenants of good faith and fair dealing contained in both contracts by willfully disclosing and then using iPayment's Proprietary Customer Information for the benefit of himself and Mr. Evans.

50.    iPayment is entitled to damages for the losses incurred as a result of Mr. Doane's breach of the implied covenant of good faith and fair dealing.

### PRAYER FOR RELIEF

WHEREFORE, iPayment pray for relief jointly and severally against Mr. Evans and Mr. Doane as follows:

1. For damages and/or restitution in excess of $75,000.00;

2. For exemplary damages;

3. For all attorney's fees, costs, and interest according to law;

4. For injunctive relief;  and

5. For such other and further relief as the Court deems just and proper.

DATED this 10th day of May, 2006

JONES VARGAS
100 W. Liberty St., 12th Fl.
P.O. Box 281
Reno, NV 89504-0281


/s/John P. Desmond
JOHN P. DESMOND

And

Michael L. Wachtell, Esq.
BUCHALTER NEMER, A PROFESSIONAL
CORPORATION
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing AMENDED ANSWER TO COMPLAINT has been served this 10th day of May, 2006, via First Class United States mail, postage prepaid, upon:

Jeffrey A. Dickerson
9655 Gateway Dr., Ste. B
Reno, NV 89511

/s/Cindy S. Grinstead
An employee of Jones Vargas